IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMIL CHATMAN, SR., #01928                *

      Petitioner,                                         *

      v.                                                      *        2:09-CV-547-ID
                                                                            (WO)
A.J. HARDY, WARDEN, *et al.*,              *

      Respondents.                                    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on June 9, 2009 by Jamil Chatman, Sr., an inmate currently confined at the Montgomery City Jail.  In the petition, Petitioner challenges his adjudication of guilty of violating the Family Protection Act entered against him  by the Municipal Court of Montgomery County, Alabama, on February 24, 2009.  Petitioner received a sentence of 180 days in jail.

In their answer filed with this court on July 13, 2009, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claim now pending before this court.  Specifically, Respondents maintain that Petitioner's claim that he was denied his right to appeal his municipal court conviction is a ground for post-conviction relief recognized under Rule 32.1, *Alabama Rules of Criminal Procedure*, and such petition may appropriately be filed in the municipal court.  (*Doc. No. 8 at 3-4; see also Exhs. B, C.*)

Upon review of Respondents' answer, the court entered an order affording Petitioner

an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies.  (*Doc. No. 9.*)  Petitioner filed his response on January 23, 2009. (*Doc. No. 10.*)  Upon review of the pleadings, documents, and records filed in this matter, the court concludes that the instant habeas corpus action should be dismissed because Petitioner has failed to exhaust state remedies with respect to the claim raised therein.

## I.  DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..."  28 U.S.C. § 2254(1)(b)(1)(A).   "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 225©. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the

matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

It is clear from the petition filed herein that Petitioner has not yet exhausted his available state court remedies with respect to the claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Petitioner's claim for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceeding as there is nothing before this court which indicates the requisite "good cause for [Petitioner's] failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In light of the foregoing, the Magistrate Judge concludes that Petitioner's application for habeas corpus relief should be dismissed without prejudice so that he may pursue those state court remedies available to him.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Jamil Chatman, Sr., be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **March 30, 2010** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of March 2010.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE